## LYONS v BENGEL

Ohio Appeals, 4th Dist, Meigs Co

Decided December 11, 1929

Messrs. Henry W. Cherrington, Gallipolis, and A. D. Russell, Pomeroy, for Lyons.

Mr. A. P. Miller, Pomeroy, for Bengel.

MIDDLETON, PJ.

It has been frequently held by the courts of this state that a failure to have an affirmative allegation in a bill of exception from the trial court that it contains all the evidence before the court on any matter of which complaint is made is destructive of any power of a reviewing court to review on the weight of the evidence. A case directly in point in the instant case is that of **Electric Railway Co. vs. Hunter, 10 C. C. (n. s.) 564,** affirmed **60 OS. 634.**

In the instant case in all the matters complained of affidavits were filed by both the plaintiff in error and the defendant in error. In the absence of any certificate from the trial court that such affidavits constitute all the evidence adduced in the hearing of these matters the state of the record is such that this court has no power to say that the order and judgment of the trial court in each particular instance was not proper. For this reason the judgment of the lower court must be affirmed.

We think, however, it might be proper to say that we regard the most serious question involved in this complaint to be the application for a change of venue. If we in respect to this matter should assume that all of the evidence is before the court we would be compelled to hold that such application came too late to be available to the plaintiff in error. It is essential to the force of an application of this kind that it should be made in good faith and for no purpose except in the furtherance of justice to the applicant. If such application is so delayed as to raise a presumption that it is made for delay only or because of some matter

occuring in the progress of the case not to the satisfaction of the complainant it is of no avail. In many states the time within which such application shall be made is fixed by statute, but where there is no statutory provision it is the general rule that the application should be made in reasonable time and as soon as the party making the same has had full opportunity to do so. 27 R. C. L. 820, 4 Ency. Pl. & Pr. 428. In the instant case Lyons not only delayed his application until after he had filed a motion which required an amended petition and an answer to such amended petition, and had procured a continuance of the case and several other rulings by the court, but when he did make the application it was done under such circumstances as to raise a very strong presumption that it was then made only for the purpose of delaying the trial of the case.

In the two remaining complaints the discretion of the trial court alone was involved, and if we were permitted to dispose of the questions on their merits by a proper bill of exceptions we would reach a judgment in harmony with that of the lower court.

Mauck and Blosser, JJ., concur.